Lansing, Ch. J.
delivered the opinion of the court. The possession of the goods did not continue in White for his own Use or benefit. They were left with him for the accommodation, of the trustees, who, as representing ■ all the creditors, could have no personal interest in'removing them. No false credit was created, and the sale which was within a reasonable time, does not appear to have been accelerated by the claim of the plaintiff. The possession- of White, was, therefore, not material, .and was consistent with the real intent of the assignment. It is admitted that there was no intention of fraud, and the assignment being for the benefit of all the creditors ought to be considered as valid.
Let the money in the hands of the sheriff be repaid to the trustees.(a)

 In Edwards v. Harben, 2 T. R. 587, the court say “ This has been argued as a case in which the want of possession is. only evidence of a fraud and that it was not such a circumstance per se as makes the transaction fraudulent in point of law. That is the point we have considered and'we are all of opinion that if there be nothing but the absolute conveyance without the possession, that, in point of law, is.fraudulent.” See also Reid v. Blades, 5 Taunt. 212. Paget v. Perchard, 1 Esp. 105. Martin v. Podger, 2 Wm. Blackstone, 702. Shears v. Rogers, 3 Barn. & Ad. 363. Twyne’s case, 3 Coke, 80. The doctrine of Edwards v. Harben, has, however, been qualified in England, and as a general rule “■ under almost any circumstances the question fraud or no fraud is one for the consideration of the jury.” 1 Smith’s Leading Cas. 11. Martindale v. Booth, 3 Barn. & Ad. 498, where several cases establishing this doctrine are cited. Carr v. Burdiss, 5 Tyrwh. 316, the expressions of Parke, B.; Dewey v. Bayntun, 6 East, 257. Reid v. Blades, ut supra.
*193 In New York the cases of Sturtevdnt & Keep v. Ballard, 9 Johns. R. 337, Bissel v. Hopkins, 3 Cowen, 166, and Jennings v. Garter, 2 Wend. 446, decide that “ a voluntarjr sale of chattels with an agreement in or out of the deed that the vendor may keep possession is, except in special cases and for special reasons to be shown to and approved by the court, fraudulent and void as against creditors.” By the Revised Statutes, however, it was provided that every sale of goods and chattels, and every assignment by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and followed by an actual and continued change of possession, shall be presumed to be fraudulent and void, as against creditors or subsequent purchasers in good faith, and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the persons claiming under such sale, that the same was made in good faith and without any intent to defraud such creditors or purchasers. 2 R. S. 2d edit. 70. Under this statute the question of fraud has been held a question of fact for the jury, (Smith v. Acker, 23 Wend. 653. Cole v. White, 26 id. 511. Butler v. Van Wyck, 1 Hill, 438. Prentiss v. Slack, id. 567. Hanford v. Archer, 4 Hill, 271,) in cases of sales, of mortgages and of assignments.
,In the federal courts the principle of Edwards v. Harlen, has been approved by Chief Justice Marshall. “ An unconditional sale where possession does not accompany and follow the deed, is with respect to creditors, on the sound construction of the statute of Elizabeth, a fraud and should be so determined by the court. (Meeker et al. v. Wilson, 1 Gallis. 419, 423. Phettiplace v. Sayles, 4 Mason, 312, 322, where the rule is rested on public policy.) The distinction is between a deed purporting on the face of it to be absolute, .so that the separation of the possession from the title is incompatible with the deed itself; and a deed made upon condition that does not entitle the vendee to the immediate possession.” Hamilton v. Russel, 1 Cranch, 309, 316. Conrad v. Atlantic Ins. Co., 1 Peters, 388. Wheeler v. Sumner, 4 Mason, 183. The case of - an assignment to a trustee for the benefit of creditors, does not necessarily fall within the principle of Russel v. Hamilton. “ The continuance of the possession with the donor until the trust can be executed may not be so incompatible with the deed as to render it absolutely void under all circumstances. This point is not supposed to be decided in Russel v. Hamilton.” Brooks v. Marbury, 11 Wheat. R. 79, 82.
In Virginia, the construction of the rule has always been and still is in accordance with Edwards v. Harben, and Hamilton v. Russel. Fitzhugh v. Anderson et al. 2 Hen. & Munf. 289, 303. Alexander v. Deneale, 2 Munf. 341. Robertson v. Ewell, 3 id. 1, 7. Thomas v. Loper, 5 id. 28. Williamson v. Farley, Gilmer, 15.
In Kentucky the rule of Edwards v. Harben, and Hamilton v. Russel, prevails. Handley v. Webb, 3 J. J. Marsh. 643, opinion of Robertson, Ch. J. See the following cases, to the point that an absolute sale where possession is retained by the vendor is fraudulent in law, and entirely void. Dale v. Arnold, 2 Bibb, 605. Allen v. Johnson, 4 J. J. Marsh, 235. Lyne v. Bank of Kentucky, 5 id. 545, 574. Laughlin v. Ferguson et al. 6 Dana, 111. In Illinois, Thornton v. Davenport et al. 1 Scaram. 296, and Kilchell v. Bratton, *194 id. 301; are to the same point, and in Indiana, Jordan v. Turner, 3 Black. 309, Watson v. Williams, 4 id. 26, and Foley v. Knight, id. 420; and in Vermont, Durkee v. Mahoney, 1 Aikin, 116, Mott v. McNeil, id. 162, Meaks v. Weed, 2 id. 64, Kendall v. Samson, 12 Vermont R. 515, Allen v. Edgerton, 4 id. 442, Fuller v. Sears, 5 id. 527, Gates v. Gaines, 10 id. 346, Forster v. McGregor, 11 id. 595, Lynde et al. v. Melvin, id. 683, Wilson v. Hooker, 12 id. 653, establish the same doctrine.
In Pennsylvania the principle of Edwards v. Harben, and Hamilton v. Russel, is established so 'far as regards absolute conveyances, (Wilt v. Franklin, 1 Binney, 502, 521, Dawes v. Cope, id. 258, 265,) bat delivery of possession is also indispensable where the owner of personal property creates a lien upon it that shall be valid against creditors or bona fide purchasers. Clow v. Woods, 5 Serg. & Rawle, 275. Streeper v. Eckhart, 2 Whart. 302. Dornech v. Reichenback, 10 Serg. & Rawle, 84,90. Jenkins v. Eichelberger, 4 Watts, 121. Trovillo v. Shingles, 10 id. 438. See McCullough v. Porter, 4 Watts & Serg. 177, and the rule it has. been said, applies to an assignment partial or general for the benefit of creditors. Cnnningham v. Neville, 10 Serg. & Rawle, 201. Howe v. Geesamen et al. 17 id. 251.
In Connecticut “ a voluntary sale or mortgage of chattels with an agreement in or out of the deed that the vendor may keep possession is; except in special cases, and for special reasons to be shown to and approved of by the court, fraudulent and void against creditors and bona fide purchasers.” Patten v. Smith, 5 Conn. R. 196. Swift v. Thompson, 9, id. 63. Mills, v. Camp et al. 14 id. 219. Carter v. Watkins, id. 241. Osborne v. Fuller, id. 530.
In Massachusetts, Maine, and Ohio a retention of possession by the vendor after an absolute sale of property, constitutes very strong evidence of fraud. Brooks v. Powers, 15 Mass. 244. Fletcher v. Willard, 14 Pick. 464. Briggs v. Parkman, 2 Metcalf, 258. Haskill v. Greely, 3 Greenleaf, 425; Reid v. Jewett, 5 id. 96. Holbrook v. Baker, id. 309. Ulmer v. Hill, 8 Greenleaf, 326. Rogers v. Dare, Wright, 336. Burbridge v. Seely, id. 350. Shaw v. Lowry, id. 190.
But when actual delivery is impracticable, the necessity for it is dispensed with. Cunningham v. Neville, 10 Serg. & Rawle, 201. Hoffner v. Clark, 5 Whart. 545. The question of fraud arising out of the retention of property by a vendor, mortgagor, or assignor is very comprehensively discussed in 1 Smith Leading Cases, Hare & Wallace’s edit. 40—60, and a very great number of the American cases are there cited and commented on.